UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA NOACK and
JOSEPH NOACK

                        Plaintiff,

v.                                            Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Joseph Noack is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Brenda Noack is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That "Jason Williams" owes a debt. This debt will be referred to as the subject debt.

11. That Plaintiffs do not know Jason Williams nor do they owe the subject debt.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

14. That in or about October 2009, Defendant began calling Plaintiffs multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

15. That in or about October 2009, Defendant called Plaintiffs' home and spoke with Plaintiff Joseph Noack. Defendant asked to speak with "Jason Williams" and Plaintiff explained that he was not "Jason Williams" nor did "Jason Williams" live there. Plaintiff requested that Defendant stop calling. That an hour later Defendant called back and again spoke with Plaintiff Joseph Noack. Plaintiff again explained that there was no "Jason Williams" there and requested Defendant stop calling. In the subject call Defendant failed to identify himself.

16. On or about November 5, 2010, Defendant called Plaintiffs' home and spoke with Plaintiff Brenda Noack. Plaintiff explained again that there was no "Jason Williams" there and requested they stop calling. Plaintiff then asked why Defendant continued to call and Defendant replied because they could. Thereafter the conversation was terminated. In the subject conversation Defendant failed to identify themselves.

17. On or about November 6, 2010, Defendant called Plaintiffs' home and spoke with Plaintiff Joseph Noack. Plaintiff again explained that there was no "Jason Williams" at his house and requested that Defendant stop calling. Plaintiff then stated I have received 49 calls and Defendant replied then we'll make it 100 and hung up. In the subject conversation Defendant failed to identify himself. Plaintiff then looked at the number on his called id and called Defendant directly back and spoke with supervisor "Pauline." Plaintiff explained that he was not "Jason Williams" and told Defendant to stop calling. Defendant sarcastically replied "ok Jason." Thereafter the conversation was terminated.

18. That on or about November 9, 2009, Defendant again called Plaintiffs looking for "Jason Williams." Plaintiff explained there was no "Jason Williams" at the address and terminated the conversation.

19. That despite Plaintiffs' repeated requests Defendant has continued to contact Plaintiffs.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating to Plaintiffs they would call 100 times, that they were calling because they could, and sarcastically calling Plaintiff by the wrong name "Jason." The natural consequence of such action was to harass, oppress, and abuse the Plaintiffs.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692f by attempting to collect a debt from Plaintiffs that Plaintiffs did not owe. Said action by Defendant was a false, deceptive, unfair, and unconscionable means to attempt to collect the subject debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 11, 2010

    /s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com